IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| RANDALL LEE RANK, | ) |   |
|---|---|---|
| #03246-029, | ) |   |
|  | ) |   |
| Petitioner, | ) |   |
|  | ) |   |
| vs. | ) | Case No. 19-cv-00584-NJR |
|  | ) |   |
| T.G. WERLICH, WARDEN, | ) |   |
|  | ) |   |
| Respondent. | ) |   |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Petitioner Randall Lee Rank, currently incarcerated in the Federal Correctional Institution at Greenville, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. Relying on the case of *Mathis v. United States*, 136 S. Ct. 2243 (2016), and related case law, he challenges his enhanced sentence based on prior controlled substance offenses in Iowa.[1]

This case is now before the Court for a preliminary review of the Section 2241 Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Court. Rule 1(b) gives the Court the authority to apply the Rules to other habeas corpus proceedings, such as this action. Without commenting on the merits of Rank's claims, the Court concludes that the Petition survives preliminary review under Rule 4 and Rule 1(b), and a response shall be ordered.

**IT IS HEREBY ORDERED** that Respondent Werlich shall answer or otherwise plead

---

[1] In 2006, in the United States District Court for the Northern District of Iowa, Rank pled guilty to one count of conspiracy to manufacture and distribute 50 grams or more of actual methamphetamine and to distribute and possess with intent to distribute 500 grams or more of a mixture or a substance containing a detectable amount of methamphetamine and two counts of manufacturing and attempting to manufacture 5 grams or more of pure methamphetamine. (Doc. 1, pp. 1-2). The district court sentenced him under an enhanced statutory sentencing range to 240 months of imprisonment. (Doc. 1, p. 2). In 2007, Rank filed a motion pursuant to 28 U.S.C. §2255, which the district court denied. (*Rank v. USA*, ND Iowa case no. C 07-3075-MWB, Doc. 6, Oct. 14, 2009).

1

within thirty days of the date this order is entered (on or before **July 17, 2019**).[2] This preliminary order to respond does not, of course, preclude Respondent from raising any objection or defense he may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Rank is **ADVISED** of his continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than **seven days** after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  June 17, 2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

---

[2] The response date ordered here is controlling. Any date that the Case Management/Electronic Case Filing ("CM/ECF") system should generate in the course of this litigation is a guideline only.