# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RANDALL LEE RANK, # 03246-029, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 19-cv-584-MAB[1] |
| | ) |
| T.G. WERLICH, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

Petitioner Randall Lee Rank ("Rank"), a federal prisoner incarcerated at FCI-Greenville, filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on June 4, 2019. (Doc. 1). He invokes *Mathis v. United States*, -- U.S. --, 136 S. Ct. 2243 (2016), to argue that his two prior Iowa state drug convictions should not have been used to increase the statutory minimum penalty for his federal drug conviction under 18 U.S.C. § 841(a)(1), (b)(1)(A), and § 851. Rank is serving a 240-month sentence imposed by the Northern District of Iowa in Case No. 06-CR-3011-MWB in 2006.

Respondent T.G. Werlich ("Respondent") filed a Motion to Dismiss the Habeas Petition (Doc. 15), arguing that Rank's written guilty plea agreement waived his right to bring a collateral attack. Rank did not file a response to the motion, despite the Court's admonition that a failure to respond could be considered an admission of the motion's

---

[1] This case was assigned to the undersigned for final disposition upon consent of the parties pursuant to 28 U.S.C. § 636(c). *See* Doc. 12.

1

merits, and would likely lead to dismissal. (Doc. 19). For the reasons stated below, the motion to dismiss (Doc. 15) is granted.

**Relevant Facts and Procedural History**

**Trial Court Proceedings**

Rank was indicted in March 2006 on five counts relating to manufacturing and distributing methamphetamine, as well as associated conspiracy, possession, and attempt offenses. (Doc. 1, pp. 6-7; Doc. 15, p. 3; Doc. 15-3). The Government filed a notice of intent to seek enhanced penalties under 21 U.S.C. § 851, based on Rank's prior felony drug conviction. (Doc. 1, p. 7; Doc. 15, p. 3; Doc. 15-4). In July 2006, Rank entered into a written plea agreement in which he pled guilty to Counts 1-3 of the indictment. (Doc. 1, p. 7; Doc. 15-5). Count 1 was for conspiracy to manufacture and distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(A), and distribution/possession with intent to distribute 500 grams or more of a substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), & 846. *Id.* Counts 2 and 3 were for manufacture and attempt to manufacture 5 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), & 846. *Id.* The remaining counts were dismissed.

The plea agreement included an admission by Rank that he had been convicted in 2003 in Webster County, Iowa of felony delivery of methamphetamine. (Doc. 1, p. 7; Doc. 15, p. 4; Doc. 15-5, p. 14, ¶ 37E). Further, the agreement included a waiver of Rank's right to appeal or collaterally attack his conviction and sentence. (Doc. 15, p. 4; Doc. 15-5, p. 12, ¶ 35).

The presentence report ("PSR") calculated Rank's advisory sentencing guideline at a range of 235-293 months. However, the statutory range for Count 1 under 21 U.S.C. §§ 841(b)(1)(A) & 851 was a minimum of 20 years to a maximum of life, because of the enhancement based on Rank's 2003 state felony drug conviction.[2] (Doc. 17, pp. 17-18). As a result, the bottom of Rank's sentencing guideline range was raised to 240 months. *Id.* The PSR noted that without the plea agreement, the Career Offender enhancement could have been applied to increase Rank's guideline range to 262-327 months. (Doc. 15, p. 5; Doc. 17, p. 18). Further, it appeared that Rank had a second prior felony drug conviction, which could have subjected him to a statutory mandatory minimum of life rather than 20 years. *Id.*; (Doc. 1, p. 8 n.1).

In October 2006, the district court sentenced Rank to the statutory mandatory minimum of 240 months.

## Post-Conviction Proceedings

Rank did not file an appeal, but in October 2007, he filed a motion under 28 U.S.C. § 2255, claiming ineffective assistance of counsel. (Doc. 1, pp. 3, 7; Doc. 15-6); *Rank v. United States*, Case No. 07-cv-3075-MWB (N.D. Iowa). On October 14, 2009, the district court denied the motion. (Doc. 15-8). The Eighth Circuit denied Rank's application for a certificate of appealability and dismissed his appeal on January 19, 2010. *Rank v. United States*, Case No. 07-cv-3075-MWB, Doc. 13 (N.D. Iowa).

---

[2] Without this enhancement, the statutory minimum penalty for Count 1 would have been 10 years. The prior conviction also increased the statutory minimum for Counts 2 and 3 to 10 years. (Doc. 17, pp. 117-18).

In July 2017, Rank filed a motion under Federal Rule of Civil Procedure 60(b) in the district court, challenging his sentencing enhancement under § 851 and again asserting his ineffective assistance of counsel claim. (Doc. 15, p. 6; Doc. 15-10). The district court construed this as an unauthorized second or successive § 2255 motion, and denied it in October 2017. (Doc. 15-11). Rank's subsequent petition to the Eighth Circuit for authorization to file a successive habeas application was denied on June 7, 2019. (Doc. 15-11). This action followed.

## **Applicable Law**

Generally, petitions for writ of habeas corpus under 28 U.S.C. § 2241 may not be used to raise claims of legal error in conviction or sentencing, but are instead limited to challenges regarding the execution of a sentence. *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). Thus, aside from the direct appeal process, a prisoner who has been convicted in federal court is ordinarily limited to challenging his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the court which sentenced him. *See Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). A prisoner is also normally limited to only *one* challenge of his conviction and sentence under § 2255. He or she may not file a "second or successive" § 2255 motion unless a panel of the appropriate court of appeals certifies that such motion contains either 1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or 2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

However, under very limited circumstances, a prisoner may challenge his federal conviction or sentence under § 2241. Specifically, 28 U.S.C. § 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). *See Hill v. Werlinger*, 695 F.3d 644, 648 (7th Cir. 2012) ("'Inadequate or ineffective' means that 'a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence.'") (citing *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002); *see also United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002). The Seventh Circuit construed the savings clause in *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998): "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant *any* opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense."

Following *Davenport*, a petitioner must meet three conditions in order to trigger the savings clause. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. Secondly, he must show he relies on a decision that he could not have invoked in his first § 2255 motion *and* that case must apply retroactively. Lastly, he must demonstrate there has been a fundamental defect in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). *See also Chazen v. Marske*, 938 F.3d 851, 856 (7th Cir. 2019); *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012). "[T]here must be some kind of structural problem with section 2255 before section 2241 becomes available. In

5

other words, something more than a lack of success with a section 2255 motion must exist before the savings clause is satisfied." *Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015).

## Analysis

The Court finds Respondent's first argument, based on Rank's waiver of his right to collaterally attack his sentence, to be dispositive of this matter. As such, it is not necessary to address the merits of Rank's argument that under *Mathis*, the Iowa controlled substance statutes under which he was convicted are overbroad and thus do not qualify as "felony drug offenses" to support the enhancement of his federal sentence under 21 U.S.C. §§ 841, 851, & 802(44). (Doc. 1, pp. 14-19). Nor will the Court consider Respondent's additional arguments regarding the savings clause in 28 U.S.C. § 2255(e). (Doc. 15, pp. 10-19).

The relevant paragraph in Rank's plea agreement states:

> After conferring with his attorney and after being advised of his appeal rights, the defendant knowingly and voluntarily waives his right to appeal his conviction and the sentence imposed. **The defendant also waives his right to file post-conviction relief actions, including actions pursuant to 28 U.S.C. §§ 2255 and 2241**, *coram nobis* actions and motions to reconsider or reduce his sentence. The defendant retains his right to appeal or contest his sentence in the following limited circumstances: (1) if the sentence is not in accordance with this plea agreement; (2) if the sentence imposed exceeds the maximum statutory penalty; (3) if the sentence is unconstitutionally defective. Further, after being fully advised of the implications, **the defendant knowingly and voluntarily waives his right to file post-conviction relief actions, including actions pursuant to 28 U.S.C. §§ 2255 and 2241** and *coram nobis* actions. This waiver does not, however, prevent him from challenging the effectiveness of his attorney after conviction and sentencing. Defendant does not have any complaints at this time about the effectiveness of his attorney. **The waivers set out above related to any issues which now exist or which may arise in the future**. The defendant agrees to

> these waivers in order to cause the government to accept the provisions and stipulations of this plea agreement, to avoid trial, and to have his case finally concluded. The defendant understands that at the conclusion of his sentencing hearing, the court will note that the defendant's appeal rights are limited by this waiver. No assurances or promises have been made by any party as to what the defendant's ultimate sentence will be.

(Doc. 15-5, p. 12, ¶ 35) (emphasis added).

There is no doubt that a plea agreement may include a valid waiver of the right to appeal and to file a collateral attack, and that such waivers are generally enforceable, with limited exceptions. *Solano v. United States*, 812 F.3d 573, 577 (7th Cir. 2016). The limited exceptions are where the plea agreement itself was involuntary, the defendant argues ineffective assistance of counsel with regard to the negotiation of the plea, the sentencing court relied on a constitutionally impermissible factor such as race, or the sentence exceeded the statutory maximum. *Keller v. United States*, 657 F.3d 675, 681 (7th Cir. 2011). Rank has not responded to the Motion to Dismiss to argue that one of these exceptions would apply to his case, and the record does not suggest that an exception applies here.

A waiver of the right to bring a collateral attack on a conviction or sentence bars a § 2241 petition; the waiver does not make the remedy afforded by § 2255 inadequate or ineffective so as to open the door to a § 2241 petition. *Muse v. Daniels*, 815 F.3d 265, 266 (7th Cir. 2016). A subsequent change in the law does not render an appeal waiver involuntary. *United States v. Vela*, 740 F.3d 1150, 1151 (7th Cir. 2014). Furthermore, the plain language of Rank's waiver includes waiving his right to bring an action pursuant to § 2241 and broadly encompasses "any issues which now exist or which may arise in the future." (Doc. 15-5, p. 12, ¶ 35). While Rank retained his right under the plea

agreement to contest his sentence in three "limited circumstances," Rank's *Mathis*-based argument does not fall within any of these. *Id.* Rank does not claim his sentence "is not in accordance with [the] plea agreement." He does not argue his 240-month sentence "exceeds the maximum statutory penalty" of life, nor does Rank's *Mathis* claim suggest the sentence is "unconstitutionally defective."

The Seventh Circuit has enforced appeal waivers against challenges to career offender designations. *United States v. Smith*, 759 F.3d 702 (7th Cir. 2014); *United States v. McGraw*, 571 F.3d 624 (7th Cir. 2009); *United States v. Standiford*, 148 F.3d 864 (7th Cir. 1998). *McGraw* is instructive here – the defendant argued the convictions used to categorize him as a career offender under the sentencing guidelines no longer constituted crimes of violence after *Begay v. United States*, 553 U.S. 137 (2008). The Seventh Circuit enforced the waiver, noting: "We have consistently rejected arguments that an appeal waiver is invalid because the defendant did not anticipate subsequent legal developments." *McGraw*, 571 F.3d at 631.

Rank's Habeas Petition is barred by the plain language of his waiver of the right to bring a collateral attack, as well as by Seventh Circuit precedent.

## Conclusion

Respondent's Motion to Dismiss the Habeas Petition (Doc. 15) is **GRANTED**. Randall Lee Rank's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) is **DENIED** and this cause of action is **DISMISSED WITH PREJUDICE**. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

If Petitioner Rank wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

It is not necessary for Petitioner to obtain a certificate of appealability from this disposition of his § 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

**DATED: November 15, 2019**

*s/ Mark A. Beatty*
Mark A. Beatty
United States Magistrate Judge